McDANIEL et al. v. BARTHEL.

No. 33393.   June 6, 1950.

*220 P. 2d 451.*

166

Cleo Wilson, of Tulsa, for plaintiff in error H. M. McDaniel.

Allen & Allen, Font L. Allen, and Harvey F. Allen, all of Tulsa, for defendant in error.

G. C. Spillers and G. C. Spillers, Jr., both of Tulsa, amici curiae.

ARNOLD, V.C.J. For his first cause of action plaintiff alleged that prior to May 17, 1946, he was the owner of and in possession of a restaurant in Tulsa and on said date entered into a written contract with the defendant H. M. McDaniel whereby said defendant, acting as his agent, agreed to sell said restaurant; that under the terms of the written contract of employment McDaniel was to receive 5 per cent of the gross sale price or a minimum of $250; that on the 25th day of May, 1946, said defendant brought to his restaurant the defendant Bert Seamans and that on said date he entered into a written contract with Seamans whereby Seamans agreed to purchase said restaurant for the consideration of $2,-050, payable $500 at the time of the signing of the contract, the balance to be paid at consummation of the sale; that defendant McDaniel, at the time of the signing of the sale-purchase contract, represented to plaintiff that Seamans had delivered to him $500 in accordance with the terms of the contract; that he relied on the statement of McDaniel in this regard; that Seamans neglected and refused to pay the balance of the purchase price and accept the property; that by reason

thereof he was entitled to the $500 which had been paid by the defendant Bert Seamans as liquidated damages according to the terms of the contract.

Both written contracts hereinbefore referred to were attached to and made a part of the petition.

Plaintiff further alleged that on the 27th day of May, 1946, he demanded that McDaniel deliver to him the $500 which defendant Seamans had paid to McDaniel for plaintiff's use and benefit.

The sales contract hereinbefore referred to and attached to plaintiff's petition provides:

"If for any reason the First Party fails or refuses to carry out his part of this agreement or if his title fails then and in that event any money paid by the Second Party shall be returned to Bert Seamans and both parties hereto shall be released from said contract; if the said Second Party fails or refuses to carry out his part of the contract, then and in that event the payment of $500.00 made at the time of the signing of this contract shall be kept and retained as liquidated damages, and this contract shall be considered as cancelled."

After a general statement that he "realleges and reasserts" all of the statements and allegations made in his first cause of action, plaintiff alleged as his second cause of action: that Seamans did not notify him of his intention to breach the contract until the 2nd day of June, 1946; that plaintiff, in the meantime, had refused the sale of the property to other prospective purchasers; that before he found another purchaser and consummated a sale to him on July 9th, the property had depreciated and he was obliged to take $1,500 for it, suffering a loss of $550. He prayed judgment against the defendants, jointly and severally, on his first cause of action for $500 "as liquidated damages, according to the terms of the written contract referred to as exhibit B," and for $550 on his

second cause of action as damages for breach of the contract to purchase.

That the verdict of the jury was based upon the first cause of action is obvious when the verdict is compared with the language of the 9th paragraph of the court's instructions. The verdict, omitting the caption, reads:

"We, the jury impaneled and sworn, in the above entitled cause, do upon our oaths, find the issues for the plaintiff and fix the amount of $500.00 recovery of $500.00 plus interest at the rate of 6% per annum from 25th day of May, 1946 until paid."

Paragraph 9 of the court's instructions reads:

"Gentlemen of the jury, you are instructed that if you find for the plaintiff, then you may return a verdict in favor of the plaintiff, Joe L. Barthel, against the defendant Bert Seamans and against the defendant H. M. McDaniel, doing business as H. M. McDaniel & Company, jointly and severally on plaintiff's first cause of action in the sum of $500.00 bearing interest at the rate of 6% per annum from the 25th day of May, 1946."

The verdict of the jury was responsive to and exactly followed the instructions given it by the court in paragraph 9.

By paragraph 8 the court instructed the jury to return a verdict in favor of the defendant H. M. McDaniel upon plaintiff's second cause of action. Plaintiff did not except to this instruction.

That the verdict was based upon the first cause of action is conceded by counsel for Barthel. They say in their brief:

"The jury found against Barthel on that second cause of action, but found in favor of Barthel and against both defendants, McDaniel and Seamans, in the first cause of action."

The first cause of action, the one on which the verdict of the jury and judgment of the court were based, constitutes a suit by plaintiff against the defendants jointly and severally for the damages stipulated by the terms of the sale-purchase contract pleaded by plaintiff. This, therefore, is a suit on the contract. The contract shows on its face that the defendant McDaniel is not a party thereto. He is not liable by virtue of the terms thereof. A motion for judgment on the pleadings as to this cause of action would have been good and the motion by the defendant McDaniel for judgment notwithstanding the verdict should have been sustained.

The plaintiff admitted in his testimony that the defendant McDaniel, at the time of the signing of the contract between plaintiff and the defendant Seamans, told him that a check had been deposited with him for $500. Plaintiff does not contend that any good faith money was ever deposited by Seamans with McDaniel. That McDaniel delivered the check made payable to his company to Seamans upon demand is not disputed, but in fact admitted by McDaniel. McDaniel testified that he delivered the check to Seamans because Seamans told him that otherwise he would stop payment on the check. No fraud, bad faith or conspiracy having been alleged or proved, the verdict of the jury and judgment of the court based on the first cause of action must be set aside and the cause should be dismissed.

The judgment of the court is reversed, with directions to set aside the verdict of the jury and the judgment based thereon insofar as the same affects H. M. McDaniel and to enter judgment in his favor on the first cause of action.

DAVISON, C. J., and LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. CORN, J., dissents.